JENKINS, J.,
CONCURS IN PART AND DISSENTS IN PART
hi respectfully dissent from the majority’s finding that, because the Itelds failed to file a supervisory writ from the trial court’s denial of their motions for summary judgment, they cannot challenge those rulings on appeal. The denial of a motion for summary judgment is an interlocutory judgment. La. Code Civ. P. Art. 968. “But it is well settled that, although an interlocutory judgment may not in itself be immediately appealable, it is nevertheless subject to review by an appellate court when a judgment is rendered in the case which is appealable.” Wallace C. Drennan, Inc. v. City of New Orleans, 10-1301, p. 2 (La.App. 4 Cir. 4/27/11), 65 So.3d 705, 706 n.4. In other words, “[w]hen an unrestricted appeal is taken from a final judgment, the appellant is entitled to seek review of all adverse interlocutory rulings prejudicial to him, in addition to the review of the final judgment.” Id. I also disagree with the majority’s opinion to the extent that it suggests that the only mechanism by which to challenge an adverse ruling on a motion for summary judgment is by a supervisory writ. See Doucette v. Guient, 15-1346, p. 5 (La.App. 4 Cir. 12/29/16), 208 So.3d 444, 456 (Jenkins, J., dissenting).
I concur with the majority opinion in all other respects.